# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:17CV-P174-TBR

**DENNIS LEE BRIGHT**                                                                 **PLAINTIFF**

**v.**

**JAMES JAMESON** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Dennis Lee Bright filed the instant *pro se* action on the Court-approved 42 U.S.C. § 1983 complaint form proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

## I.

Plaintiff was a convicted inmate at the Calloway County Jail at the time he filed this lawsuit. As Defendants, Plaintiff names Calloway Circuit Court Judge James Jameson; Ken Claud, the Jailer of the Calloway County Jail (CCJ); Alan D. Long, a Program Administrator with the Kentucky Department of Corrections; Julie Robertson, a Class D Coordinator at the CCJ; and Mitch Ryan, an attorney employed in a private law firm. He sues all Defendants in their official capacities only, except for Ryan, who he sues in both his official and individual capacities.

Plaintiff maintains that he signed a plea agreement in Calloway Circuit Court which provided that all of his state criminal counts would run concurrently with his federal sentence and that the time would be served in the federal prison system. He states, "The commonwealth attorney, my attorney & myself signed this agreement" and "[t]he Judge agreed to the plea

agreement . . . ." Plaintiff maintains, "The sentencing paper states all counts to be ran concurrent for 8 years . . . with my federal case. . . . Also that sentencing will comply with all conditions in Defendant's offer." He continues, "The plea that I agreed to & signed off on was to serve my time in the federal prison system." He states that the plea agreement is a "binding contract."

Plaintiff asserts that Defendant Claud "is responsible for housing me" and that Defendant Robertson "is suppose to be in charge of making sure all paperwork is filed and assure that us as inmates our rights are not violated." He states that he has written Defendant Long "about trying to get this problem handled with no response." Plaintiff further reports that his lawyer, Defendant Ryan, "has assured me on several occasions that this matter would be handled." However, he states, "It has not been addressed and he has not answered any letters or phone calls from me. I have been working on this for 6 month with no action from named parties." He states, "I am being unlawfully detained."

As relief, Plaintiff seeks compensatory damages and "release from illegal detention (KY)."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

In the instant § 1983 action, Plaintiff asserts that Defendants are violating his rights by not enforcing the terms of his plea agreement and that he is therefore being unlawfully detained. He essentially requests this Court to interfere in the state court's enforcement of his plea agreement and sentence. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a convicted party may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). In other words, if a ruling on a claim would necessarily render the plaintiff's conviction invalid, the § 1983 claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. *Heck*, 512 U.S. at 487.

The complaint makes it evident that Plaintiff's conviction has not been reversed on direct appeal or otherwise invalidated. Because success on Plaintiff's challenge to the validity of his plea agreement and sentence would necessarily render his conviction and sentence invalid, Plaintiff cannot bring this suit under § 1983. Accordingly, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, release from custody is not an available remedy in this § 1983 action. *See Heck v. Humphrey*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff cannot seek release in this § 1983 action.

For the above reasons, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.010